IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REGINALD TUCKER | : |
| | : CIVIL ACTION |
| | : |
| vs. | : |
| | : NO.  06-CV-3640 |
| JOHN A. PALAKOVICH, et al | : |

February 23, 2007                                                                                              GOLDEN, J

## MEMORANDUM OPINION AND ORDER

      Petitioner Reginald Tucker was convicted in state court of possession of a controlled substance with intent to deliver, knowing and intentional possession of a controlled substance, and criminal conspiracy in 2001.  Now incarcerated in SCI-Huntingdon, Tucker has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254.  In his petition, Tucker alleges that he was denied effective assistance of counsel, denied the right to appeal, and subjected to an unconstitutional search and seizure.  After carefully reviewing Tucker's response to the Report and Recommendation of United States Magistrate Judge Thomas J. Rueter, the Court adopts the Report and finds that Tucker's petition must be dismissed as time-barred.

      In his Report and Recommendation, the Magistrate Judge noted that 28 U.S.C. § 2244(d)(1) describes the timeline for petitions for habeas corpus.  The statute requires prisoners to file petitions within a year of the date on which their judgment becomes final.  28 U.S.C. § 2244(d)(1)(A).  In this case, Tucker's judgment became final on September 13, 2001, thirty days after he was sentenced by the trial court and failed to appeal.  *Id.*  Tucker's petition for a writ of habeas corpus would thus have been due by September 12, 2002; he did not file the petition until

August 15, 2006.

Two forms of tolling can effect the statute of limitations for a writ of habeas corpus: statutory tolling, which applies when a prisoner has properly filed a petition for state collateral relief; and equitable tolling, which applies when justice demands it. 28 U.S.C. § 2244(d)(2); *Schlueter v. Varner*, 384 F.3d 69, 75-76 (3d Cir. 2004). Neither form of tolling applies in Tucker's case.

Tucker did file two petitions for state collateral relief under the Pennsylvania Post Conviction Relief Act (PCRA), in January and October 2003. Neither state petition was timely filed. Because they were untimely, these petitions do not toll the statute of limitations. *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005). In his response to the Magistrate Judge's Report, Tucker claims that the various counsel appointed to represent him during his initial appeal and the PCRA process were ineffective and often failed to file petitions on time, even while assuring him and his family that work was underway. As the Superior Court noted in its opinion declaring Tucker's first PCRA petition time-barred, counsel's alleged failure to perform adequately during the initial appeal period should have been addressed through a timely PCRA petition. *Commonwealth v. Tucker,* No. 1254 EDA 2005, p.1 at n.2. (Pa. Super. Ct. Apr. 24, 2006). Moreover, ineffective assistance of counsel cannot cure the defect of an untimely PCRA petition. *Commonwealth v. Murray*, 562 Pa. 1, 5-6 (2000).

Equitable tolling is permitted when "the petitioner has in some extraordinary way been prevented from asserting his or her rights." *Schlueter*, 384 F.3d at 75-76. As the Third Circuit has remarked, "[g]enerally, in a non-capital case... attorney error is not a sufficient basis for equitable tolling of the AEDPA's one-year period of limitation." *Id.* at 76. The Court has reviewed Tucker's petition and response to the Magistrate Judge's Report for any claim that an

"extraordinary" obstacle prevented Tucker from filing his petition on time. The Court finds no information to support a decision that Tucker was prevented from asserting his rights, as his moving papers focus solely on his attorneys' failure to meet deadlines. Although Tucker claims that his attorneys failed to follow through with promised work product, he does not allege that they behaved in the extraordinarily deleterious manner that justifies tolling. *See Nara v. Frank*, 264 F.3d 310, 320 (3d Cir. 2001).

Because neither statutory nor equitable tolling of the statute of limitations is appropriate in this case, Tucker's petition for a writ of habeas corpus is untimely filed and must be dismissed. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REGINALD TUCKER | : |
| | : CIVIL ACTION |
| | : |
| vs. | : |
| | : NO. 06-CV-3640 |
| JOHN A. PALAKOVICH, et al | : |

**ORDER**

AND NOW, this 23rd day of February, 2007, upon careful and independent consideration of the pleadings and record herein, and after review of the Report and Recommendation of United States Magistrate Judge Thomas J. Rueter, it is hereby ORDERED that:

1. The Report and Recommendation is APPROVED and ADOPTED;

2. The petition for a writ of habeas corpus is DISMISSED; and

3. A certificate of appealability is not granted.

BY THE COURT:

/s/ Thomas M. Golden
THOMAS M. GOLDEN, J.